**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. IP 02-CR-173-02-B/F |
| | ) | 1:05-cv-1382-SEB-JMS |
| TURNER ASHE, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

Having considered the pleadings and the expanded record, and being duly advised, the court finds that the motion of Turner Ashe ("Ashe") for relief pursuant to 28 U.S.C. § 2255 must be denied. This conclusion rests on the following facts and circumstances:

1. Ashe and others were charged with conspiracy to possess with intent to distribute cocaine. Ashe convicted after trial by jury and was sentenced to life imprisonment. His conviction and sentence were affirmed on appeal in *United States v. Ashe,* 101 Fed.Appx. 641 (7th Cir. June 17, 2004). This action pursuant to § 2255 followed. The parameters of relief pursuant to § 2255 were reviewed in *Young v. United States,* 124 F.3d 794, 796 (7th Cir. 1997):

> Section 2255 is not a way to advance arguments that could have been presented earlier--especially not when the arguments rest entirely on a statute. *See Reed v. Farley,* 512 U.S. 339, 114 S. Ct. 2291, 129 L.Ed.2d 277 (1994). Although sec.2255 para.1 permits a collateral attack on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States," only a small portion of statutory claims demonstrate that the sentence or conviction is itself a violation of law. The error must be so fundamental that a "complete miscarriage of justice" has occurred. *Reed,* 512 U.S. at 348, quoting from *Hill v. United States,* 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed.2d 417 (1962). Other "non-constitutional errors which could have been raised on appeal but were not, are barred on collateral review--regardless of cause and prejudice." *Bontkowski v. United States,* 850 F.2d 306, 313 (7th Cir. 1988).

Thus, relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States,* 940 F.2d 215, 217 (7th Cir. 1991).

2. Ashe's claims in this action are that he was denied the effective assistance of counsel at sentencing, in his direct appeal, and at trial. "To establish ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007)(citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). The first prong is satisfied by a showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. *Barker v. United States,* 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688). The Supreme Court has recently "declined to articulate specific guidelines for appropriate attorney conduct and instead [ ] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In evaluating whether counsel's performance was deficient, "the court must defer to counsel's tactical decisions," avoid "the distorting effects of hindsight" and give counsel the benefit of a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689; *Holman v. Gilmore,* 126 F.3d 876, 881-82 (7th Cir. 1997). The prejudice prong of the *Strickland* test requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *see also Bell v. Cone,* 535 U.S. 685, 697-98 (2002). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. A petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance. *Berkey v. United States,* 318 F.3d 768, 773 (7th Cir. 2003).

3. At sentencing, this court concluded that Ashe had been convicted of two previous drug felonies. He therefore received the life sentence which is mandatory pursuant to 21 U.S.C. § 851. One of the two prior convictions on which this sentence enhancement was based was a 1981 state conviction from Michigan. This was determined to be a qualifying predicate offense despite Ashe's arguments that the conviction was not valid because he was 17 years old at the time of the crime and that, in any case, it was not a felony. This court concluded that (1) Ashe was barred by the 5-year statute of limitations in § 851(e) from launching a collateral attack on the 1981 conviction, and (2) the record showed that the conviction was for a felony. These findings were affirmed in Ashe's direct appeal. *United States v. Ashe,* 101 Fed.Appx. 641, 644 (7th Cir. June 17, 2004). Ashe now argues that his attorney was ineffective at sentencing by not presenting other challenges to the use of the 1981 Michigan conviction as a basis for enhancement under § 851. Any such challenge, however, would have failed at the outset because of the 5-year limitation prescribed in § 851(e). Thus, Ashe's attorney was not ineffective, because "[c]ounsel cannot be 'ineffective' unless his mistakes have harmed the defense (or, at least, unless it is reasonably likely that they have." *United States v. Gonzalez-Lopez,* 126 S. Ct. 2557, 2563 (2006); see also *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001)("It is not deficient performance to fail to raise an argument with no real chance of success.").

4. Ashe also contends that he was denied the effective assistance of counsel in his direct appeal. Under the *Strickland* performance prong, an appellate counsel's performance is deficient if counsel fails to appeal an issue that is obvious and clearly stronger than the claims raised. *See Winters v. Miller,* 274 F.3d 1161, 1167 (7th Cir. 2001).

To establish the *Strickland* prejudice prong, a petitioner must show that there is a reasonable probability that appellate counsel's failure to raise an issue would have resulted in the reversal of his conviction or an order for a new trial. *Lee v. Davis,* 328 F.3d 896, 901 (7th Cir. 2003) (there must be reasonable probability that issue not raised would have altered outcome of appeal). As with trial counsel, courts must indulge a strong presumption that appellate counsel was constitutionally effective. *See Strickland,* 466 U.S. at 688.

> a.   Ashe's specifications of ineffective assistance of counsel on appeal are that (1) appellate counsel failed to assert as error the failure of his trial counsel to raise an objection under *Crawford v. Washington,* 541 U.S. 36 (2004), to the admission of the statements of Jaime Aispuro, and (2) appellate counsel failed to assert as error the failure of his trial counsel to argue that the elements for an enhanced sentence had not been established.
>
> b.   Ashe argues that the testimony of Salvador Barragar, Jr., as to the statement of an absent co-conspirator, Jaime Aispuro, should have been excluded under the rule of *Crawford. Crawford* addressed the admission of testimonial hearsay in criminal trials, holding that the Sixth Amendment's Confrontation Clause bars the admission of such testimonial statements unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. *Crawford,* 541 U.S. at 68; *United States v. Kelley,* 446 F.3d 688, 691 & n.2 (7th Cir. 2006); *United States v. Price,* 418 F.3d 771, 780 (7th Cir. 2005). The statement attributed to Jaime Aispuro, however, was not testimonial in this case, and hence not within the rule of *Crawford.* Moreover, *Crawford* dealt with testimonial "hearsay," and the statements of co-conspirators are expressly excluded from the definition of hearsay under **FED.R.EVID.** 801(d)(2)(E); *United States v. Jenkins,* 419 F.3d 614, 618 (7th Cir. 2005) ("As to the Confrontation Clause argument, *Crawford* does not apply. The recordings featured the statements of co-conspirators. These statements, by definition, are not hearsay. *Crawford* did not change the rules as to the admissibility of co-conspirator statements."); *see also Crawford,* 541 U.S. at 56 (discussing the common law exceptions to hearsay statements that are not testimonial, such as "statements in furtherance of a conspiracy"). Therefore, a *Crawford*-based objection to the testimony of Salvador Barragar, Jr., at trial would not have been sustained and Ashe's attorney in his direct appeal was not ineffective for failing to present this issue.
>
> c.   Ashe also argues that his attorney on appeal was ineffective in not arguing error in this court's determination of certain facts relating to the prior convictions relating to the § 851 enhancement. However, there was no violation of *United States v. Booker,* 543 U.S. 220 (2005), in the circumstances of this case. *See United States v. Thompson,* 421 F.3d 278 (4th Cir. 2005) (noting that, where the defendant does not dispute any facts related to his prior convictions, the district court's determination of the criminal history category does not violate the Sixth Amendment), *cert. denied,* 126 S. Ct. 1463 (2006). Apart from the specific facts which were noted from the prior convictions, moreover, in *Almendarez-Torres v. United States,* 523 U.S. 224 (1998), the Court held that prior convictions that increase the statutory maximum for a particular offense are not elements of the offense of conviction and, consequently, may be found by a sentencing judge by a

preponderance of the evidence. Because recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence," 523 U.S. at 243, and "as typical a sentencing factor as one might imagine," 523 U.S. at 230, the Constitution does not require the government to charge or prove to a jury either the existence of prior convictions or certain facts related to those convictions such as their classification as "violent felonies." *See United States v. Stevens,* 453 F.3d 963, 967 (7th Cir. 2006) ("'[T]he district court does not violate a defendant's Sixth Amendment right to a jury trial by making findings as to his criminal record that expose him to greater criminal penalties.'")(quoting *[United States v.] Williams,* 410 F.3d [397,] 402 [(7th Cir. 2005)). "*Almendarez-Torres* remains intact." *Id.* Accordingly, a jury need not make findings on "elements" in 21 U.S.C. § 851. *United States v. Moore,* 401 F.3d 1220, 1221-22 (10th Cir. 2005).

    5.    Ashe adds that there was additional error in the § 851(a) enhancement. Specifically, he argues that the Michigan conviction did not fall within the definition of a "serious drug offense" under 18 U.S.C. § 3559, and hence could not be used to enhance his sentence in this case. This argument is made through the avenue of a challenge to the performance of counsel at sentencing.

    a.    The standard for assessing whether Ashe was denied the effective assistance of counsel has already been noted.

    b.    Ashe was subject to a mandatory term of life imprisonment for violating § 841(a)(1) because the conviction involved fifty grams or more of cocaine and because the court found that he had "two or more prior convictions for a felony drug offense" that had become final. See 21 U.S.C. § 841(b)(1)(A). Pursuant to § 851(a)(1), the government filed an Information notifying Ashe of the prior convictions it would rely upon in seeking an enhanced term of life imprisonment.

    c.    Ashe argues, that the government must show that the prior convictions were for a "serious drug offense" in order to apply the § 841(b)(1)(A) enhancement. Yet, the language of the statute only requires "two or more prior convictions for a *felony drug offense,*" 21 U.S.C. § 841(b)(1)(A) (emphasis added), meaning a drug offense subject to a term of over one year imprisonment. 21 U.S.C. § 802(44). The predicate offenses, including the 1981 Michigan conviction, were properly found to have been felony drug offenses. No more was required. An argument based on a requirement which is not part of the applicable statute would have availed Ashe absolutely nothing. *See Snyder v. United States,* 2007 WL 595249, *1 (M.D.Fla. February 21, 2007) ("As to the fourth ground raised by the Petitioner, he is mistaken as a matter of law that his conviction for "simple" possession of cocaine did not qualify as a predicate felony drug offense qualifying him for a statutorily enhanced sentence pursuant to 21 U.S.C. 841(b)(1)(B). Petitioner claims that 18 U.S.C. § 3559 supports this ground, because it classifies as a misdemeanor any offense which carries a maximum term of imprisonment of one year or less. That section however, merely classifies federal criminal offenses that are not otherwise defined elsewhere in the United States Code. As the Respondent notes, the offense for which the Petitioner was convicted and sentenced was a felony drug offense as defined by the State of Florida . . . ."); *United States v. Brisco,* 2005 WL 602348. *3 (W.D.Wisc. March 15,

2005)("Defendant's argument is without merit because he was not sentenced under § 3559. His life sentence was mandated by § 841(b) and not by § 3559. Section 841(b)(1)(a) refers to 'felony drug offenses,' not to 'serious drug offenses, so it was not necessary to consider whether defendant's prior convictions met § 3559's definition of serious drug offenses.").

6. Ashe contends that his attorney was ineffective at trial by failing to object to the court's decision amending and then re-amending the indictment to first exclude, and then ultimately include, absent co-conspirator Jaime Aispuro, in reading and explaining the charges to the jury. What he actually claims to have been error was the court's re-amending (or unamending) the charge to restore it to the original text. As Ashe recognizes, however, this was not a case in which the charges were amended, but a case in which the court confronted the issue of a fugitive co-defendant. After weighing the factors associated with either deleting reference to Jaime Aispuro as a co-defendant or referring to the indictment as issued, and despite Aispuro's absence, the better course in this situation was to refer to the indictment as issued. Whatever views on this may be, Ashe has shown no prejudice to him in the sense required by *Strickland.*

7. The record fully contradicts Ashe's claim that he was not adequately represented at trial, at sentencing, or in his direct appeal. Ashe's concerns with the performance of his attorney do not satisfy the *Strickland* standard:

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds."

*United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002). The same is inescapably true as to Ashe's arguments that he was denied the effective assistance of counsel. There is no entitlement to relief as to this claim, based on either the performance prong or the equally important requirement that he suffered prejudice. "The test for ineffectiveness is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more. Instead the test is . . . whether what [counsel] did was within the 'wide range of reasonable professional assistance.'" *Waters v. Thomas,* 46 F.3d 1506, 1518 (11th Cir. 1995) (en banc) (quoting *Strickland,* 466 U.S. at 689). It was explained in *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997), that:

> [t]he question posed by *Strickland* [is] whether, taking all of the proceedings into account, counsel made "the adversarial testing process work in the particular case." [*Strickland,*] 466 U.S. at 690. Counsel must contest the prosecution's case and advance a good defense; if that role has been fulfilled, a writ of habeas corpus should not issue. *See Burris v. Parke,* 116 F.3d 256 (7th Cir. 1997).

Ashe's attorney fulfilled this role.

      8.    For the reasons explained above, Ashe is not entitled to relief in this action. He has failed to demonstrate a constitutional violation warranting collateral relief. Additionally, his request for an evidentiary hearing is **denied** because (1) such a hearing is proper when the habeas petition is accompanied by a detailed and specific affidavit showing that the petitioner has actual proof going beyond mere unsupported assertions, *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir.), *cert. denied,* 429 U.S. 826 (1976), and (2) the records and file in this action show conclusively that Ashe is not entitled to the relief he seeks. Accordingly, his motion for relief pursuant to § 2255 is denied, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

      IT IS SO ORDERED.

Date:   3/13/07

                                                        SARAH EVANS BARKER, JUDGE
                                                         United States District Court
                                                         Southern District of Indiana